*In Re:* J. L. GUTHRIE, R. L. GUTHRIE, R. F. JOHNSON, C. L. BLOUNT, JR., and JOHN HELM.

2 So. (2nd) 121
Division A
Opinion Filed May 6, 1941

*Paul C. Albritton,* for Appellants;
*Frank Redd,* for Appellees.

ADAMS, J.—On appeal from an order discharging petitioners in habeas corpus we consider whether the City of Sarasota has authority to regulate fishing within its boundaries. The City was created by Chapter 13403, Special Laws, 1927. Admittedly the City has no express authority to regulate fishing. The pertinent parts of the charter are:

"And the jurisdiction and powers of the City of Sarasota shall extend over all streets, alleys, sewers, parks, and all lands within said area, whether platted or unplatted, and to and over all waters, waterways, and water bottoms and wharves and to and over all persons, firms, and corporations, property and property rights, occupations, businesses, and professions whatsoever within said boundaries. . . ."

"Also the title to all tidewater and other lands and river and bay bottoms, waters, waterways and water bottoms, and all riparian rights within the City limits,

now owned by the State of Florida shall be vested in the City of Sarasota for municipal purposes only."

A lengthy discussion of this question would serve no useful purpose inasmuch as the same question was fully discussed in Nash v. Vaughn, 133 Fla. 499, 182 So. 827.

We see no material difference in the St. Petersburg charter and the Sarasota charter as regards this question. The legislative grant of power does not clearly appear and in that case it cannot be recognized. It appears from the charter that the grant of property in the land and waters of the State was limited and restricted for municipal purposes and no other.

Finding no error in the record the judgment is affirmed.

BROW, C. J., WHITFIELD and BUFORD, J. J., concur.